**GOLDEN, et al v. FLORIDA POWER AND LIGHT CO.**
No. 77-18366.

Circuit Court, Broward County.

December 15, 1977.

William R. Hussey, Fort Lauderdale, for the plaintiffs.

William L. Richey of Steel, Hector & Davis, Miami, for the defendant.

W. CLAYTON JOHNSON Circuit Judge.

This cause came on to be heard upon Florida Power and Light Company's motion to dismiss the temporary restraining order entered against it upon the ground that primary jurisdiction over the subject matter rests with the Florida Public Service Commission.

The temporary restraining order was issued on the complaint of the plaintiffs filed November 15, 1977. Plaintiffs alleged that in May of 1977 a representative of Florida Power and Light contacted the individual plaintiff with a demand that the corporate plaintiff pay alleged back charges amounting to $2,319.01, and that the individual plaintiff pay alleged back charges of $1,422.34 by reason of a claim made by defendant that there was a diversion of electricity by reason of tampering with the electrical meter at the aforesaid locations. It was established by stipulation that plaintiff Golden was contacted by Florida Power and Light by letter in August,

1977, and informed he must pay the bill or his service would be terminated. He was contacted by mail again in October and told again that his service would be terminated if he did not pay what was owed for the alleged current diversion. Plaintiffs stated in their complaint that they disputed the amount sought as current diversion charges by Florida Power and Light and that all other charges for electrical service had been paid as they were billed.

On November 15, 1977, Florida Power and Light served personal notice on the corporate plaintiff that unless all of the claimed back charges were immediately paid in full, electrical service would be terminated at 1509 N. E. 50th Street on or about November 15, 1977.

The complaint further alleged that if Florida Power and Light were permitted to shut off electrical service to the corporate plaintiff and individual plaintiff, as it had threatened to do, both plaintiffs would suffer irreparable injury and damage, the corporate plaintiff by being unable to conduct its business, provide service to its patients, or operate necessary electrically powered equipment, the individual plaintiff by being unable to operate electrical appliances and equipment in his household and having no electric lights.

Based on the allegations in the complaint, the court issued a temporary restraining order on November 15, 1977, enjoining Florida Power and Light from terminating electrical service to the plaintiffs and setting a hearing on the matter for November 29, 1977. At the hearing on November 29, 1977, Florida Power and Light Company filed a motion to dismiss for lack of jurisdiction over the subject matter.

Upon consideration of the arguments and memoranda of law of counsel and the Florida statutes, cases and administrative rules which are relevant to this matter, the court finds that it lacks jurisdiction over the subject matter of the action and that exclusive primary jurisdiction for the injunctive remedy sought is provided by law in the Florida Public Service Commission, reviewable by the Supreme Court of Florida. This determination is based on the following findings of fact and conclusions of law —

1. Defendant is a public utility regulated by the Florida Public Service Commission pursuant to Chapter 366, Florida Statutes and Chapter 25-6 of the Florida Administrative Code.

2. The plaintiffs request relief from prospective termination of their electric service for their non-payment of disputed electric bills. The bills arose from allegations of meter tampering and electric current theft against the plaintiffs.

36

3. Termination of electric service, the requirements for payment of electric bills, and meter tampering are matters within the judicial or quasi-judicial powers of the Florida Public Service Commission. Florida Administrative Code §§25-6.01, 6.02, 6.104, and 6.105.

4. These matters, which are within the primary jurisdiction of the Florida Public Service Commission, are not within the subject matter jurisdiction of this court, and plaintiff must look to the commission for any relief. State ex rel. McKenzie v. Willis, 310 S. 2d 1 (Fla. 1975); Mobile America Corp., Inc. v. Southern Bell T. & T. Co., 282 S. 2d 181 (1st Dist. 1973), *affirmed*, 291 S. 2d 199 (Fla. 1974).

Accordingly, the circuit court is without jurisdiction, and it is ordered and adjudged that the temporary restraining order issued in this cause is terminated, and that Florida Power and Light Company's motion to dismiss is granted and that this cause is dismissed.